## Case No. 2,394.

### The CAPTAIN SPEDDEN.

#### [Blatchf. Pr. Cas. 127.][1]

District Court, S. D. New York. March, 1862.

##### PRIZE—RUNNING BLOCKADE.

Vessel and cargo condemned as enemy property, and for an attempt to violate the blockade.

In admiralty. The vessel and cargo were taken for the use of the government on appraisal, at the place of capture, in the Gulf of Mexico, and the vessel was afterwards lost at sea. The vessel and cargo were confiscable under the act of July 13, 1861 (12 Stat. 225).

BETTS, District Judge. This schooner and her cargo were captured as lawful prize on the 12th of January, 1862, in Biloxi river, by the United States steamer New London. The vessel and her cargo, consisting of lumber, were appraised under orders of Flag Officer McKean, of the United States navy, at Ship island, in the Gulf of Mexico, by a board of naval survey, and both were taken to the use and service of the United States, at such appraisal. The papers and documents found on board the vessel, with the official appraisement of the vessel and cargo, were placed before the court on the hearing of the cause. A motion was issued against the vessel and cargo on the 5th of March, and returned duly served on the 18th of March, 1862, and, no person making appearance in

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Samuel Blatchford, Esq.]

the suit, or claiming the prize, the district attorney, upon the papers and preparatory proofs submitted to the court, moved for condemnation of the vessel and cargo as lawful prize. The vessel was enrolled and licensed, under the authority of the Confederate States, at New Orleans, April 27, 1861. She was owned by a naturalized citizen, resident at New Orleans, who left New Orleans in her, under a pass from the rebel authorities, November 30, 1861, and the cargo was laden on board, by the master and owner of the vessel, at Harrodsburg, on the Biloxi river, and near the town of Biloxi, in the state of Mississippi, with intent to be transported thence to Biloxi, on the bay of that name, and Gulf of Mexico. The vessel, after her arrest, was foundered and lost in a gale at or near Ship island, in the Gulf of Mexico. It was, accordingly, physically impossible to have her bodily in this port, to commence proceedings in rem against her as prize. The vessel evaded a blockaded port —New Orleans—to obtain, in another blockaded port, the cargo on board at the time of her capture, and was intercepted in her destination to another part of the same port. Had she been a [neutral] vessel, she would, therefore, not have completed the voyage out from New Orleans, so as to be discharged of the offense thereby committed. The Christiansberg, 6 C. Rob. Adm. 382, and notes.

This case also falls within the terms of the act of congress of July 13, 1864 (12 Stat. 255). The proclamation of the condition of the Rebellion in the states of Louisiana and Mississippi was issued August 16, 1861, and this vessel having proceeded from one of these states to the other, and being there found laden with enemy property, both she and her cargo would come within the provisions of that act, as well as under the general rules of the prize law, for having violated or intending to evade the blockaded ports by a further voyage by sea. See cases referred to in preceding decisions. Judgment of condemnation and forfeiture of the value of the vessel and cargo absolutely to the United States, conformably to the appraisement, is ordered accordingly.

---

CARBARGA, The (INGERSOLL v.). See Cases Nos. 2,276 and 7,038.

CARBERY (MAYE v.). See Case No. 9,339.

CARBERY (NEWTON v.). See Cases Nos. 10,189 and 10,190.

CARBERY (READ v.). See Case No. 11,604.

CARBERY (THOMPSON v.). See Cases Nos. 13,945 and 13,946.

CARBERY (UNITED STATES v.). See Case No. 14,720.

CARBON STOVE CO. (THATCHER HEATING CO. v.). See Case No. 13,864.

CARD (DODGE v.). See Case No. 3,951.